## FULLER v. RIGGS ET AL.

1. **Original Notice**: SERVICE BY PUBLICATION: AFFIDAVIT AND FACTS NOT WARRANTING. An affidavit that " the defendant * * has absconded, so that ordinary process cannot be served upon him in this state," is not sufficient, under § 2618 of the Code, to justify service by publication, nor were the facts in this case (see opinion) such as to warrant service in that manner; and judgment rendered by default against defendant on such service was void for want of jurisdiction.

*Appeal from Union District Court.*

FRIDAY, JUNE 5.

ACTION to set aside a conveyance of forty acres of land, as made in fraud of creditors. There was a decree for the plaintiff. The defendants appeal.

*Phillips & Day*, for appellants.

*D. W. Higbee* and *R. H. Hanna*, for appellee.

ADAMS, J.—In December, 1881, the plaintiff obtained judgment against the defendant, D. A. Riggs. In the same month A. F. Keith & Son obtained judgment against him. Both actions were commenced by attachment of the land in controversy. Service of notice in both was made by publication. The land was sold under both judgments, and was bid in by the respective judgment creditors. Afterwards this plaintiff acquired the interest of A. F. Keith & Son. The land attached as the property of D. A. Riggs had, at the time of the attachments, been conveyed by him to his wife, the defendant Jennie Riggs, and the plaintiff brings this action to set aside the conveyance as being fraudulent. The defendants deny the fraud. They also aver that the court, in the attachment suits, obtained no jurisdiction, and that the pretended attachments and judgments are void.

The ground for making service by publication is set forth in the affidavits for publication in these words: "The defendant D. A. Riggs has absconded, so that ordinary process cannot be served upon him in this state." The question presented is as to whether the affidavits show cases in which service by publication was allowable. We will not presume that the cases were different from those shown by the affidavits; and, if they were not shown to be such that service by publication was allowable, then the service was void. It would not be a case of defective service, but of no service, and it would follow that the court did not obtain jurisdiction. The affidavits do not show that Riggs became a non-resident of the state, nor is it claimed that he did. On the other hand, the evidence shows affirmatively that, while it may be true that he absconded, as stated in the affidavits, he left behind him a farm, and his family in the occupancy of it, and was absent but a few months, at most. Nor do the affidavits bring the cases

within the seventh sub-division of section 2618 of the Code. This, we understand, is the provision relied upon, but the cases provided for are those where the defendant has departed, or keeps himself concealed, with a certain intent, to-wit, the intent to delay or defraud creditors, or avoid service of notice. No such intent is set out in these affidavits, nor is it easy to see how he could have had such intent. Having left his family behind him in the occupancy of his farm, personal service could have been made upon him under sub-division 2 of section 2603 of the Code. In our opinion, then, not only do the affidavits fail to show that the cases were such that service by publication was allowable, but it appears affirmatively that they were not such. Under this state of things we must hold that the publication did not have the effect to bring the defendant in; and, as he did not appear, and the judgments were rendered against him by default, we think that they cannot be sustained.

REVERSED.