BRANTH *v.* BRANTH.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

CONTEMPT—FAILURE TO PAY COSTS AND COUNSEL FEES.

There is no provision of law by which an allowance of costs and counsel fees in an action for separation can be enforced by contempt proceedings. Following *Jacquin* v. *Jacquin*, 36 Hun. 378. Distinguishing *Park* v. *Park*, 80 N. Y. 186.

Appeal from special term, New York county.

Separation proceedings instituted by Theresa Branth against John H. Branth. A judgment was entered granting a separation from bed and board of defendant in favor of plaintiff. Defendant was also ordered to pay plaintiff's attorneys, Langbein Bros. & Langbein, certain costs and counsel fees. Defendant now appeals from an order adjudging him to be in contempt for non-

payment of said costs and counsel fees. For former report, see 10 N. Y. Supp. 638.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

W. J. Lynch, for appellant.   George F. Langbein, for respondent.

VAN BRUNT, P. J.   We are of the opinion that the case of Jacquin v. Jacquin. 36 Hun, 378, was correctly decided. It is true that it appears to be in conflict with the case of Park v. Park, 80 N.Y. 156, wherein it is said that the claim that the attachment should be vacated, because it was based upon the refusal of the defendant to pay the costs of the suit, is sufficiently answered by the fact that it was issued for disobedience of the order of the court. No such question was involved in the case of Park v. Park, as we have ascertained by examining the record as it was presented to the court of appeals. The only costs for the recovery of which the attachment was issued were the costs and expenses of the proceedings for the attachment. And it is clear, for the reasons stated in Jacquin v. Jacquin, that the power to commit for non-payment does not extend to the costs and allowances contained in the final judgment. In fact, it is evident that the court does not direct the payment of such costs in a judgment of that description, but simply allows a recovery of the same, and permits judgment to be entered therefor; in this respect differing very materially from the provisions of a judgment for the payment of alimony, in respect to which no judgment can be entered, and which can only be collected by the proceedings authorized by the Code. We think, therefore, that the order should be reversed; but, in view of the fact of its having been made relying upon the previous opinion of the general term, it should be without costs. All concur.