The Chicago, Rock Island & Pacific Railway
Company v. David Campbell.
No. 195.

1. Appellate Jurisdiction — *in action involving less than one hundred dollars, court confined to point certified by judge.* In proceedings in error in this court, based upon a judgment for less than one hundred dollars, we will consider only the principle involved in the exception certified by the court below.

2. Jurisdiction — *of court of sister state always open.* In determining the faith and credit to be given to proceedings of a sister state under the Federal Constitution and acts of Congress, the question of jurisdiction of the court of the sister state is always open to inquiry.

3. ——— *of principal debtor in attachment cases necessary.* In attachment proceedings, in order to give a court jurisdiction to condemn the property attached or garnished and appropriate the same to the payment of the claimant's debt, it is necessary that the court acquire jurisdiction of the principal defendant, either by actual service or constructive service, conformable to the rules prescribed by the statute of the sister state.

4. ——— *affidavit preceding publication notice necessary in Iowa to, to condemn fund garnished.* Under the provisions of the Iowa code introduced in evidence in this case, in order to give the Iowa court jurisdiction to condemn the fund garnished, the publication notice must be preceded by an affidavit filed in the case by the plaintiff, that service of summons cannot be made in the state.

5. Judgment of Sister State — *giving, same faith and credit as courts of such state would give, complies with Federal Constitution regarding.* Giving to the proceedings of a sister state the same faith and credit that are given to like proceedings by the courts of such state is a compliance with the provisions of the Federal Constitution and the act of Congress requiring each state to give full faith and credit to the judgments and judicial proceeding of the sister state.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Affirmed.*

424    C. R. I. & P. Rly. Co. v. Campbell.

| N. Dept. | Opinion.  Mahan, P. J. | 5 Kan. App. |

*M. A. Low, W. F. Evans,* and *J. E. Dolman,* for plaintiff in error.

*Thomas Dever,* and *V. D. Bullen,* for defendant in error.

Mahan, P. J.    The judgment in this case was less than one hundred dollars.    The District Judge certifies that the case involves the construction of the Constitution of the United States and the acts of Congress. Under the decision of the Supreme Court in the case of *Mo. Pac. Rly. Co. v. Kimball* (48 Kan. 384), we are limited in our investigation of the case to this one question.

The contention is, that the court below did not give that faith and credit to the proceedings of the courts of Iowa, which is guaranteed to the plaintiff by the provisions of the Constitution of the United States and the acts of Congress in pursuance thereof.    Where a party relies upon the proceedings or judgment of the courts of one state, as a cause of action or ground of defense, the question of jurisdiction is always open. The Supreme Court of the United States has so decided in *Pennoyer v. Neff,* 95 U. S. 714 ; *St. Clair v. Cox,* 106 id. 350 ; *Thompson v. Whitman,* 18 Wall. 457 ; *Board of Public Works v. Columbia College,* 17 id. 521.

The jurisdiction of the Iowa court, the proceedings of which are pleaded as a defense in this case, is attacked upon two grounds.    The first is that the Iowa court never obtained jurisdiction of the subject-matter, or *res,* that is, the indebtedness of the plaintiff Railway Company to the defendant in error ; and, second, that the proceedings disclose a fatal defect in the jurisdiction of the court, in that the statute of Iowa was not complied with in such a manner as to give

C. R. I. & P. RLY. CO. v. CAMPBELL.     425

March 22, 1897.     Opinion.   Mahan, P. J.     C. Div.

the Iowa court jurisdiction to conclude the defendant in error by any judgment rendered in the case.

The first question has been settled by our Supreme Court in the case of *Mo. Pac. Rly. Co. v. Sharritt* (43 Kan. 375). The facts in this case are the same as in the Sharritt case, with one exception. In the Sharritt case the claim attempted to be subjected to garnishment proceedings was exempt under the laws of Missouri, while in the case before us, under the laws of Iowa, the claim was not exempt to the defendant in error. However, I cannot see that this makes any difference in the applicability of the principle there decided to the facts of this case. However, it is not necessary or proper that we should express any opinion upon the correctness of that decision or determine the question in this case, and, indeed, we do not ; because in our view of the case the proceedings offered in evidence and pleaded by the defendant in error, plaintiff below, disclose such a defect therein as to leave the court of Iowa without any jurisdiction to condemn the claim of the defendant in error.

The plaintiff in error offered in evidence several sections of the Iowa law in support of their contention that the Iowa court had jurisdiction and had the right to adjudicate the question conclusively as against the defendant in error. Among other portions of the Iowa law offered is section 2618 of the Revised Code of Iowa, 1888, as follows :

"SEC. 2618. Service may be made by publication, when an affidavit is filed that personal service cannot be made upon the defendant within this state, in either of the following cases."

The fifth provision of the section is as to attachment and garnishment proceedings. Upon a careful investigation of the transcript of proceedings offered

426    C. R. I. & P. Rly. Co. v. Campbell.

N. Dept.    Opinion.  Mahan, P. J.    5 Kan. App.

in evidence, it appears that no affidavit was in fact ever filed. The case in Iowa was first begun before a justice of the peace by one Willard against the defendant in error, in which the Rock Island Company was garnished. Judgment of condemnation was made without any affidavit for publication, and then the case was appealed by the plaintiff in error to the District Court and was pending in the District Court at the time of the trial of this case in the court below. The District Court obtained no jurisdiction by the appeal, the justice of the peace having none.

The Supreme Court of Iowa, in the case of *Fuller v. Riggs et al.* (66 Iowa, 328), considers this matter and holds, that without the proper affidavit the court was without any jurisdiction and any judgment against the defendant was void for want thereof. In this case there was an affidavit filed, but it did not conform to the requirements of section 2618 of the code to which the court makes special reference. The court held the same way in the case of *Taylor v. Ormsby Brothers et al.* (66 Iowa, 109). Our own Supreme Court passed upon this question in the case of *Adams v. Baldwin* (49 Kan. 781), and held that no judgment can be rendered without this affidavit being first made, in the absence of personal service, and that a publication notice without the affidavit does not give the court jurisdiction. If we give the same effect to this proceeding that the Supreme Court of Iowa would give to it, we have conformed fully with the acts of Congress and the Constitution of the United States.

The evidence discloses an absence of jurisdiction of the Iowa court where the case was said to be pending, and consequently is no defense to the plaintiff in error against the claim of the defendant in error for his wages.

The judgment is affirmed.