(34 Misc. Rep. 640.)

### WETMORE v. WETMORE (two cases).

(Supreme Court, Special Term, New York County. April, 1901.)

DIVORCE—ALIMONY—AMENDMENT OF DECREE.

    Plaintiff, in 1892, obtained a judgment of absolute divorce against defendant, with an order for the payment to her of an annual sum for alimony, and a further annual sum for the support of his children during minority, and requiring defendant to give bonds to secure the same. He having failed to comply with the judgment, his income, in 1894, was sequestered for that purpose. The judgment was modified in 1899 so that the trust income was applied only to the support of his children. In 1900 the defendant was discharged in bankruptcy, having set up in his schedule the amount due for unpaid alimony. Defendant remained continuously without the jurisdiction, and neither paid anything under the decree nor gave the required bonds. Held, that his conduct had been such that a motion on his part that the judgments under the divorce and sequestration proceedings be vacated on allegations of willingness to pay into court the alimony due, and to give a bond for the support of his children, and that he be relieved from his contempt, would not be granted to him as a favor, he not being entitled to any relief as a matter of right.

Separate actions by Annette B. Wetmore against William Boerum Wetmore and Sarah T. Wetmore. Motion of defendant W. B. Wetmore in connection with the cause of action denied.

For former opinions, see 59 N. Y. Supp. 586; 60 N. Y. Supp. 437, 711, 1150.

Jay & Candler, for plaintiff.
Hatch & Wicks, for defendants.

SCOTT, J. On April 1, 1892, Annette B. Wetmore obtained a judgment in this court for an absolute divorce against William B. Wetmore. By the decree the defendant was required to pay to the plaintiff the sum of $3,000 annually by way of alimony, and the further sum of $1,000 annually for the support and maintenance, during minority, of each of the three children, issue of the marriage, whose custody was awarded to the plaintiff. The defendant was also required to give two bonds or undertakings for $25,000 each to secure the payment of the alimony and of the amounts required to be paid for the support of his children. He has never given either of these bonds, and has never voluntarily paid a single dollar of the sums directed to be paid for the support of his former wife, or for the maintenance of his children, and has kept himself continuously without the jurisdiction of the court. The unpaid accrued alimony now amounts to many thousand dollars. The defendant William B. Wetmore was the beneficiary of a certain trust fund created by his father's will, of which fund Sarah Taylor Wetmore was trustee, and the corpus of which was within the jurisdiction of this court. An action in the nature of an action for sequestration was begun to reach the income of this trust fund, which resulted in a judgment dated April 30, 1894, requiring that the income of said trust fund up to $6,000 a year be paid to the plaintiff, Annette B. Wetmore, to be applied to the payment of the sum awarded her for alimony and the support of her children. The decree was modified by the court of appeals by the insertion of a clause permitting William B. Wetmore to apply for its further modification. Subsequently the said Wetmore availed himself of this leave, and did apply for such a modification of the decree as would permit him to share in the income of the trust fund, showing as a reason therefor that the plaintiff had married again to a husband who was amply able to support her. After some litigation, an order was made on June 26, 1899, modifying the decree in the sequestration action by providing that the income from the trust fund over and above the sum of $3,000 per annum of income directed to be paid for the support of the three children be paid to the said William B. Wetmore. On December 28, 1898, the said William B. Wetmore filed a petition in bankruptcy in the United States district court for the Eastern district of Pennsylvania, attaching thereto a schedule, wherein he showed that there was then due to his former wife for unpaid alimony upwards of $17,000. He was adjudged a bankrupt on January 13, 1899, and on June 21, 1900, a decree was made and signed, discharging him from all his debts provable under the acts of congress relating to bankruptcy. This order

has not yet been finally entered, an appeal therefrom having been taken to the circuit court of appeals. Since said Wetmore was adjudicated a bankrupt, his mother has died, and he has, as he avers, become of sufficient means to pay and discharge all the arrears of alimony. He contends, however, that his discharge in bankruptcy will be effective to cancel and discharge all indebtedness on his part for alimony which had accrued prior to his adjudication as a bankrupt. He now moves: First. That he be permitted to give a sufficient bond conditioned for the payment to the plaintiff of the sum of $1,000 per annum for the benefit of each of his three children until they attain, respectively, the age of 21 years, and that such bond shall be taken in lieu of and in compliance with the provisions of the judgment in the divorce action providing for a bond. Second. That he be permitted to pay into court the amount of money found to have been due from him to the plaintiff as alimony on January 13, 1899, to be held subject to the final determination as to whether or not such arrears of alimony were discharged by the order of the United States district court discharging him in bankruptcy. Third. That upon the filing of the bond above referred to, and the deposit of the arrears of alimony, and the payment in cash of the amount of alimony which has accrued since January 13, 1899, the judgment in the sequestration action be vacated and annulled. Fourth. That, upon compliance with the terms of the order thus applied for, the said Wetmore be relieved and discharged of and from any other or further compliance with the judgments in the divorce action, and of and from any contempt, if any, on his part, arising from his noncompliance in the past with the orders and decrees of this court.

It is not necessary, upon this motion, to consider the question, argued at length upon the briefs of counsel, whether or not the applicant is technically in contempt of court at the present time. At least, his persistent evasion of the decrees and orders of the court, and his unremitting, and thus far successful, attempts to avoid the payment of alimony to his wife, do not entitle him to ask any favors at the hands of the court, and afford excellent reasons why the relief, if any, to be afforded him should be limited to that to which he appears to be clearly and legally entitled. So far as concerns giving a bond to secure the support of his children and the payment of future alimony to his former wife, no order is necessary. The decree in the divorce action, which provides for just such bonds, is still in force, and provides ample justification and warrant for the bonds which he now asks to be permitted to give. When he shall have indicated his respect for the decree of this court, at least to the extent of complying with so much of its provisions as require that such bonds be given, it will be time enough to consider whether the decree in the sequestration action should be vacated, and the securities held thereunder released. That decree presents a sure and certain method by which the necessities of the children can be provided for without delay or further litigation. It was only by reason of the applicant's own default that such a decree was made, and it is at least doubtful whether he should now be permitted to escape the consequences of his default by substituting for this certain provision

for his children's support the less certain provision of a mere promise to pay, no matter how solvent the surety for that promise may appear to be. Nor should the question as to the effect of the discharge in bankruptcy upon the liability for the payment of past alimony be determined by this court before the necessity to do so arises. That question is primarily one for the federal courts, and is one upon which, up to the present time, those courts have not been in accord. If the applicant sees fit to bring himself within our jurisdiction, and is proceeded against here for nonpayment of the alimony in arrear, it may be that the question will be presented in such a way that its decision will be necessary. At present it is unnecessary. The applicant, although expressly admitting his present ability to comply with all the provisions of the decree of divorce, shows no greater readiness to so comply than he has heretofore done. He has not given the bonds provided for in that decree, and does not offer to do so, but seeks to give other bonds in place thereof. His offer to deposit a sum equal to the past unpaid alimony is no compliance with the terms of the decree directing its payment. He has not even paid or tendered to his former wife the alimony which has become due since his adjudication as a bankrupt, although he concedes that that amount at least is due, and is unaffected by his discharge in bankruptcy; and he does not offer to pay it, except as a condition that he be relieved from some of the consequences of his former default. I see nothing to justify granting any part of the motion upon the ground that the applicant has shown himself entitled to relief as a matter of discretion, nor does he show himself to be entitled thereto as a matter of strict right. His present plight is the direct result of his own acts, and no injustice will be done if he is left where he has placed himself.

Motion denied, with $10 costs.