(40 Misc. Rep. 162.)

MOORE v. MOORE.

(City Court of New York, Trial Term.  February, 1903.)

1. ALIMONY—FOREIGN DECREE—ENFORCEMENT.
    Where a decree of divorce has been rendered in another state after
    personal service upon the husband and notice to appear and answer, and
    under such decree the husband is required to pay alimony in certain
    sums, it establishes a judicial debt of record, which will be enforced in
    the courts of New York.

Action by Gertrude L. Moore against Henry G. Moore to recover installments of alimony.  Judgment for plaintiff.

Emanuel M. Friend, for plaintiff.
Howe & Hummel, for defendant.

DELEHANTY, J.  The action is to recover installments of alimony claimed to be due under a decree of divorce rendered in favor of plaintiff and against defendant by the Court of Common Pleas, No. 3, for the county of Philadelphia, in the state of Pennsylvania.  It is conceded that defendant was duly and personally served in the city of Philadelphia with a true and attested copy of the subpœna in divorce, together with a copy of the libel and notice to appear and answer in that action, and that the court had jurisdiction to act in the premises.  Such being the case, the decree itself, under the full faith and credit clause of the federal Constitution, must be accepted by any tribunal in the land.  But defendant contends that such decree will not be enforced by the courts of this state unless it appears that it has been docketed as a judgment in the state in which it was rendered.  While the record contains no proof that the decree in question has been so docketed in the state of Pennsylvania, as a matter of fact it has been, as appears by an exemplified copy of the "judgment index" and of the docket entries received and submitted since the trial hereof.  Were doubt entertained as to the right of plaintiff to recover on the decree itself, permission would be granted to reopen the case for the purpose of reading those papers in evidence.  But this, in my opinion, is unnecessary, in view of the Special Term decision in Wood v. Wood, 7 Misc. Rep. 579, 28 N. Y. Supp. 154, the opinion in which was fully approved in Lynde v. Lynde, 41 App. Div. 280, 58 N. Y. Supp. 567, and by the Court of Appeals in the same case reported in 162 N. Y. 405, 412, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332.  The Wood Case was instituted for equitable relief to aid in enforcing an alimony decree rendered by a French court; and Pryor, J., held therein that equitable relief by way of sequestration, injunction, or security for future alimony would not be afforded by our courts, but that alimony which had become due at the time of the commencement of the action could be recovered in an action at law.  That is just what the plaintiff in the case at bar seeks to do.  The Pennsylvania decree in suit directed the payment by defendant to plaintiff of certain sums at stated periods by way of alimony, and the force and effect thereof was to

¶ 1. See Divorce, vol. 17, Cent. Dig. § 841.

make it a judicial debt of record, which the former was entitled to have enforced by the courts of this state under the provisions of the United States Constitution above referred to. Lynde v. Lynde, supra. The authorities cited by defendant are in no wise contrary to this doctrine. The Wetmore Case, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752, so strongly relied upon by defendant in support of his contention, distinctly holds that, when the judgment of a sister state fixes the amount of alimony in a divorce case, the duty of the defendant is thus determined. From that time on he is, in effect, a debtor, owing his wife the amount adjudged and determined by the decree. And this conforms to the general laws of the commonwealth of Pennsylvania. See the act of April 15, 1845, which provides—

"That upon a decree a mensa et thoro, and the allowance of alimony shall have been made by any of the courts of common pleas of the respective counties of this commonwealth, * * * it shall be the duty of the prothonotary of said court to enter the said decree on the judgment docket of said court, which said decree when so entered is hereby declared to be and shall remain a lien on the real. estate of said respondent, until the same is satisfied for the full amount that may be due up to the period of such satisfaction; and after such lien shall be so entered it shall be the duty of the prothonotary of said court, upon affidavit by the libelant that any payment under said decree * * * is due and unpaid, to issue execution on a written order of the libelant, or her attorney, setting forth the amount so due and unpaid, which shall be directed to and served by the sheriff in like manner as executions upon judgment." P. L. 1845, p. 455.

In the absence of anything to the contrary this court will assume that the formalities of the statute have been complied with, and that the decree in question has been duly docketed as a judgment in accordance therewith. But in my opinion, it is unnecessary to go this far. In view of the authorities cited, the decree itself creates a debt of a fixed and ascertained amount, the collection of which is sought in this action, which, under the authorities cited, is maintainable. It follows, therefore, that plaintiff should have judgment against defendant in the aggregate sum of $1,999.98, with interest on the respective installments from the date when due, together with an extra allowance of 5 per cent., and the costs of this action.. Defendant to have a stay of 10 days after service of judgment hereon, with notice of entry thereof, and an additional 30 days' stay to make a case and exceptions on appeal. Submit findings in accordance with foregoing.

Ordered accordingly.