(94 App. Div. 443.)

GOODSELL v. GOODSELL.

(Supreme Court, Appellate Division, First Department.   May 20, 1904.)

1. ALIMONY—FAILURE TO PAY—CONTEMPT.
    Where a judgment for divorce awarded plaintiff $2,700 annually as
    alimony, which sum defendant was directed to pay in equal monthly in-
    stallments, but, in order to prevent a contest over the amount awarded,
    the parties immediately preceding the entry of judgment agreed that
    plaintiff should accept the sum of $42.16 weekly from June 27, 1899, until
    January 27, 1900, and thereafter a reference was ordered to take proof
    as to defendant's financial condition and ability to pay, plaintiff was not
    entitled to an order punishing defendant for contempt for failure to
    comply with the decree during the pendency of the reference.

Appeal from Special Term.

Action by Kate T. Goodsell against Edward L. Goodsell.   From an order denying a motion to punish defendant for contempt for nonpayment of alimony, plaintiff appeals.   Affirmed.

See 81 N. Y. Supp. 806.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Marston Niles, for appellant.
William F. S. Hart, for respondent.

McLAUGHLIN, J.   This action was brought to procure a divorce on statutory grounds, and in August, 1899, the plaintiff had a judgment dissolving the marriage contract and awarding her $2,700 annually as alimony, which sum the defendant was directed to pay in equal monthly payments.   The judgment also contained a provision to the effect that an application might thereafter be made for a modification of it respecting the allowance of alimony.   It appears that the parties themselves, in order to prevent a contest over the amount awarded, at or immediately preceding the entry of the judgment entered into an agreement by which the plaintiff agreed to accept the sum of $42.16 weekly from the 27th day of June, 1899, until the 27th day of January, 1900, on account of the amount provided to be paid in the judgment.   The defendant has paid to the plaintiff, since the agreement was made, the sum of $42.16 per week, and no more.   The plaintiff—a demand having been made that the defendant pay the difference between this sum and that provided in the judgment—made a motion to punish the defendant for contempt in failing to make such payment.   The motion was denied, and the plaintiff has appealed.

Without expressing any opinion as to whether the defendant is guilty of contempt in not making the payments provided for in the judgment, we are of the opinion that the motion was properly denied. It appears that a referee has been appointed to take proof as to the defendant's financial condition and his ability to pay.   The reference is still pending, and we think the court ought not—the defendant paying the amount provided for in the agreement between him and the plaintiff—to pass upon the question of whether or not he is guilty of contempt until the referee has made his report.   It is apparent that the delay in closing the reference is due as much, if not more, to the plaintiff

or her counsel, as it is to the defendant or his counsel. If the plaintiff really desires to have the reference terminated, she can do so at an early day by serving the proper notice of hearing before the referee; and, if the defendant is unwilling to proceed without reasonable cause, then she can move to terminate the reference.

The order appealed from, therefore, should be affirmed, with $10 costs and disbursements, with leave to renew after the referee here reported. All concur.