## CAMPBELL v. CAMPBELL.

No. 871.   Opinion Filed May 9, 1911.

(115 Pac. 1111.)

1.     DIVORCE—Decree for Life Insurance—Enforcement—Damages. On rendering a decree for a divorce, a Missouri court, along with allowances for alimony, required the defendant to keep his life insured in the sum of $1,000 for the benefit of his divorced wife. On an action being brought in this state on the judgment and decree rendered there n, plaintiff averred that defendant had permitted the life insurance policy to lapse and judgment was prayed for and allowed against him on this account in the sum of $1,000.   Held, error.

2.     DIVORCE—Alimony—Action on Foreign Judgment.  In an action brought on a foreign decree or judgment for alimony payable in installments, judgment was asked and allowed for installments which were not due at the time of the beginning of the action, but which fell due during its pendency.   Held, error.

3.     DIVORCE—Judgments—Full Faith and Credit.  Decrees of the Missouri courts for future payments of alimony are not subject to annulment or modification by those courts as to past due and unsatisfied installments, so as to deprive such decrees of the protection of the full faith and credit clause of the federal Constitution.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by Laura P. Campbell against John R. Campbell. Judgment for plaintiff, and defendant brings error. Affirmed in part.

*Paul F. Mackey,* for plaintiff in error.
*Parker & Rider,* for defendant in error.

DUNN, J. This case presents error from the district court of Craig county. The defendant in error as plaintiff instituted her action in the district court of the said county on the 5th day of February, 1908, in which she prayed a judgment against defendant for a balance due and unpaid on a certain decree for alimony rendered in an action of divorce in the circuit court of Newton county, Mo., on the 19th day of May, 1899. By the terms of said decree plaintiff and defendant were divorced. She was given the custody of their three minor children, and a judgment for alimony in the sum of $25 per month from the date of the decree so long as she remained single, and for which execution might issue. It was further provided by the said decree that the defendant should keep in force an insurance policy on his life in the sum of $2,000, payable one-half to plaintiff and one-half to the children. She alleged in her petition that at the time of the bringing of the action there was due and unpaid to her the sum of $2,065; that the defendant had allowed the policy of insurance to lapse and become forfeited, and that she was damaged thereby in the sum of $2,000, for the sum of which amounts she prayed judgment with interest, and for a further judgment of $25 per month from the date of the filing of the suit against the defendant so long as she should remain a single woman. To plaintiff's petition the defendant answered admitting judgment and decree rendered, but denied that he was indebted in any sum for the reason, among others, that plaintiff could not sustain her action on this decree because under section 2926 of the Statutes of Missouri, 1899, it was provided that "the court on the application of either party may make such alteration

from time to time as to the allowance of alimony and maintenance as may be proper." On the trial the court allowed $1,000 as damages by reason of the failure of defendant to keep the policy of life insurance in force in favor of plaintiff, allowed $1,458.50, being the amount due to plaintiff under said decree from May 19, 1899, to February 5, 1908; allowed $86.10 as interest on the above amounts from February 5, 1908, to the date of judgment, and $175 as alimony accruing under the said decree from February 5, 1908, to the date of the judgment, making a total of the judgment in favor of plaintiff and against the defendant, $2,719.60. The court further ordered a judgment in the sum of $25 per month payable monthly from and after the date of said judgment, and that plaintiff have execution therefor if not paid when due. To reverse this judgment, this action has been duly lodged in this court.

On the question of the damages allowed plaintiff which are alleged to have grown out of the breach by the defendant of his duty to maintain in force a life insurance policy in the sum of $1,000 for her benefit, the learned court in his findings states that no adjudicated case has been cited to him fixing the measure of damages therefor. This court has fared no better, but we know of no principle of law under which plaintiff would be entitled to recover damages for this breach. It is manifest that it was not the intention or judgment of the court that rendered this decree that plaintiff should have a judgment for the amount of money for which defendant was to insure his life. This to our minds is a sufficient reason why judgment therefor could not be rendered in this action, for the court in which this case was tried predicates its judgment upon the judgment of the Missouri court, and as the decree of that court gave plaintiff no judgment for that sum, this court could not do so. *Chicago, R. I. & P. Ry. Co. v. Campbell,* 5 Kan. App. 423, 49 Pac. 321; *Babcock v. Marshall,* 21 Tex. Civ. App. 145, 50 S. W. 728.

On the question of the allowance of recovery for the accumulated installments after the filing of the petition, we are likewise

constrained to agree with counsel for plaintiff in error. This identical question was passed on in the case of *Knapp v. Knapp* (D. C.) 59 Fed. 641, which was a case wherein plaintiff filed a petition asking judgment not only for installments of alimony which had accrued, but likewise those which were to accrue in the future and after the filing of the complaint. The court in overruling a demurrer thereto held that the same general rules of law would apply to that decree as were applicable to an instrument of writing for the payment of money to become due in installments except that it enjoyed greater dignity and should be given more faith and credit than a written obligation to pay could have, but that no action could be maintained thereon for any greater sum than the amount of the installments due at the time of the commencement of the action. Of course those installments which should accrue and become due thereafter could each or all, if the decree remained unmodified, become the subject of a separate proceeding, but to allow a recovery on alimony installments after the case was filed and the issues made up in the action, would be, as we deem it, against all precedent.

The remaining question in this case received, in part at least, consideration at the hands of this court in the case of *Bleuer v. Bleuer*, 27 Okla. 25, 110 Pac. 736, delivered July 12, 1910. In that case this court held in consonance with what appeared to be the conclusion reached by the Supreme Court of the United States in the case of *Lynde v. Lynde*, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, which case was an action for alimony which had been allowed in a lump sum along with a requirement for installments payable at intervals, which appeared to be subject to alteration by the court. In discussing the judgment rendered therein, the Supreme Court of the United States said:

"The decree for the payment of $8,840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision for the payment of alimony in the future was subject to the discretion of the court of chancery of New Jersey, which might at any time alter it, and was not a final judgment for a fixed sum."

And it is the claim of plaintiff in error in this case that because of the provision of the statutes of Missouri above noted, the decree or judgment herein rendered is not for a fixed sum already due, but is subject to the discretion of the Missouri court, and hence was not entitled to the benefits of the full faith and credit of the Constitution of the United States, even as to the past-due unmodified installments.    Since the *Bleuer · v. Bleuer* and the *Lynde v. Lynde* decisions above referred to, the Supreme Court of the United States has had occasion to again review this question in a very exhaustive opinion, delivered May 31, 1910. *Sistare v. Sistare*, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068.    The Sistare opinion had not been promulgated at the time of the submission and preparation of the opinion in the Bleuer case by this court, and hence was not available or before us at that time.    It presents in an able opinion by Justice White the last word on this subject and reviews at length the former opinions of *Lynde v. Lynde, supra,* and *Barber v. Barber,* 21 How. 582, 16 L. Ed. 226.    It was a decree of the New York courts which was involved in the Sistare case, and it is therein held that payments of ·alimony are not subject to annulment or modification by the court of New York as to past-due and unsatisfied installments so as to deprive such decrees ·of the protection as to such past-due and unpaid installments of the full faith and credit clause of the federal Constitution, and that a decree for future payments of alimony is, as to installments past due and unpaid, within the protection of the said clause unless its enforcement was so completely within the control of the courts of that state that they could annul or modify the same even as to the overdue and unsatisfied installments.    This leaves for our consideration, therefore, the question of whether the Missouri court had power to modify the decree in question as to those installments which were past due and unpaid.

We have not been referred to, nor have we been able to find, any case from any of the appellate courts of Missouri in which the jurisdiction and power of its courts on the statute above men-

tioned is determined and set forth, but it is to be noted that the language of the statute is all prospective. The court is given the power and may make such "alteration from time to time &ast; &ast; &ast; as may be proper." It is not to be presumed that a party will refuse and fail to pay the alimony decreed; the presumption must be that he will pay it. If any reason arises why he cannot or should not continue to pay, then the court may, as set out, from time to time alter the requirements. It will be noted that if the power of alteration is held to exist as to past-due installments the full faith and credit clause will not protect such decrees out of the state of their rendition and thereby an ever open avenue for escape would be afforded all such judgment debtors. An alteration producing such effect would not be "proper" and it is not to be presumed that such was the legislative intent. The law does not require any such construction; it is not a natural one, and the most controlling reasons exist against it.

The case of *Wagner v. Wagner*, 26 R. I. 27, 57 Atl. 1058, 65 L. R. A. 816, was an action for the recovery of accrued installments of alimony; the court, discussing the same, said:

"The tendency of courts and the better reason are in favor of enforcing such decrees where the only question involved is the payment of money. An obvious advantage in this course is that it tends to unify the remedial agencies of the country by making them enforceable in all of its parts. It would be a reproach to our system of legal administration if one could escape from the operation of a judicial decree by going into another state. This is one country, and, so far as possible, it should have one law. Whatever tends to make the operation of law and legal remedies equally effective in all parts of the land is carrying out the true idea of a common country. A party against whom a judgment stands should not be shielded by the fact that he is not in the state where it was rendered. In the state where a decree is given for an allowance at stated periods, it would be enforced, and so it should be enforced elsewhere if it can. &ast; &ast; &ast; The objection that an allowance is subject to alteration by the court ordering it, and so it cannot be regarded as a final and conclusive judgment, has little, if any, weight as to an amount already due at the time

.of suit. An accrued amount would not be changed by the court if the debtor was able to pay it, and a suit on a decree is but a step to enforce payment."

See, also, *Arrington v. Arrington,* 127 N. C. 190, 37 S. E. 212, 52 L. R. A. 201, 80 Am. St. Rep. 791; *Moore v. Moore,* 40 Misc. Rep. 162, 81 N. Y. Supp. 729.

We accordingly find that the decrees of the Missouri courts for the future payments of alimony are not subject to annulment or modification by those courts as to overdue and unsatisfied installments, so as to deprive such decrees of the protection as to such past-due and unpaid installments, of the full faith and credit clause of the federal Constitution. .

It therefore follows that the judgment of the trial court will be affirmed, except as to the allowance for the life insurance policy and for payments and liabilities falling due after the institution of the action. The costs in this court will be divided.

All the Justices concur.