## BLEUER v. BLEUER.

No. 530. Opinion Filed July 12, 1910.

(110 Pac. 736.)

**DIVORCE—Foreign Judgment—Order for Alimony—Right of Action.**
An order for alimony payable in installments made in a divorce action in another state subject under the laws of that state to modification will not support an action as on a judgment in this state, as the same is not a final judgment for a fixed sum.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action by Florence K. Bleuer against Robert P. Bleuer. Judgment for plaintiff. Defendant brings error. Reversed, with directions.

*W. T. Williams,* for plaintiff in error.—Citing: *Mayer v. Mayer,* 154 Mich. 386; *Lynde v. Lynde,* 181 U. S. 186; *Id.* (N. Y.) 56 N. E. 979; *Dow v. Blake* (Ill.) 39 Am. St. 156.

*C. F. Smith,* for defendant in error.

DUNN, C. J.   This case presents error from the district court of Pottawatomie county. Action was brought on an order for the payment of alimony made by one of the circuit courts of Illinois. From the statements of the petition it appears the parties hereto had been husband and wife, but on March 13, 1902, a divorce was granted at the suit of the wife in the state of Illinois; that an order was made requiring the husband to pay $15 per month alimony, which was paid by him to May 1, 1905; and that since that date he has refused to make any additional payments, and at the time of the bringing of this action there was due $240. It is on the decree so entered this action is predicated. To the petition of plaintiff defendant interposed a demurrer, which was by the court overruled, and, electing to stand thereon, defendant brought the case to this court for review.

No final judgment had been entered in the Illinois court making the claim sued for final, as the statute of Illinois (Hurd's Rev. St. 1909, c. 40, § 18; Rev. St. 1845, p. 197, § 6), pleaded in plaintiff's petition, provides that the court may on application from time to time make such alterations in the allowance of alimony, etc., as shall appear reasonable and proper. The question raised and insisted on in this court by defendant is that this is not such a judgment as will support the action brought. A number of courts have had occasion to pass upon this question and one of the best considered opinions written thereon, in which the entire subject has received full and careful consideration and which appears to be supported by almost unanimous authority, is that of *Mayer v. Mayer,* 154 Mich 386, 117 N. W. 890, 19 L. R. A. (N. S.) 245, 129 Am. St. Rep. 477. That was a case similar to the one at bar, brought in one of the courts of Michigan to enforce the payment of alimony provided for in an order of one of the district courts of Oklahoma. On judgment being rendered in the trial court, and the case being appealed to the Supreme Court, that court in recognition of the distinction between orders of this kind subject under the statute to modification and final judgments in the syllabus said:

"A divorce was granted complainant in Oklahoma awarding her the children and a certain sum payable monthly as alimony for her own support, and a sum payable monthly for the support of each child; the decree not reserving the right to modify the award. The statutes of Oklahoma provide that the court shall make provision for the custody; support, and education of minor children upon granting a divorce, and may modify any order in this respect whenever proper. Held that, the decree awarding alimony for the wife's support being final and not subject to modification, an action may be maintained thereon in this state. The award of alimony for the children's support being subject to modification under the Oklahoma statutes, an action for such alimony will not lie in this state, and a decree awarding such alimony will be reversed without prejudice to a suit in Oklahoma."

The rule therein laid down appears to find support in both the state and federal courts, and in our judgment is correct. It therefore follows that the judgment of the trial court must be reversed, and the case is remanded to the district court of Pottawatomie county with instructions to set aside the judgment heretofore rendered and enter one in accordance with this opinion.

All the Justices concur.