## HIESTON v. NATIONAL CITY BANK OF CHICAGO.

(Court of Appeals of District of Columbia. Submitted February 8, 1922. Decided April 3, 1922.)

No. 3609.

1. **Judgment** ⊙⟶822(3)—**Cause on which foreign judgment is based cannot be inquired into.**

The requirement of Const. U. S. art. 4, § 1, that full faith and credit be given to the judgments of the several states, precludes an inquiry into the cause of action on which the foreign judgment was based, except in so far as necessary to ascertain whether the court rendering the judgment had jurisdiction and whether the action was for a penalty.

2. **Judgment** ⊙⟶823—**Of state court enforced against property of married woman in District of Columbia.**

Under Const. U. S. art. 4, § 1, providing that "full faith and credit shall be given in each state to the * * * judicial proceedings of every other state," a judgment rendered in another state on a guaranty by a married woman of her husband's indebtedness will be enforced, notwithstanding Code D. C. § 1151, providing that a married woman's property shall not in any way be liable for payment of her husband's debts.

Appeal from the Supreme Court of the District of Columbia.

Action by the National City Bank of Chicago against Grace Hieston. From a judgment for plaintiff, defendant appeals. Affirmed.

Dan Thew Wright and Philip Ershler, both of Washington, D. C., for appellant.

F. D. McKenney, J. S. Flannery, and G. B. Craighill, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellant, defendant below, guaranteed the payment of her husband's indebtedness to appellee, a

bank in Chicago, Ill. Subsequently, on default of the husband, the bank sued her and procured judgment in the state of Maryland. The bank instituted this suit in the District of Columbia upon the Maryland judgment for the purpose of subjecting defendant's property in this District to the payment of the debt. From a judgment in favor of plaintiff bank, defendant appealed.

Appellant relies upon a statute of this District which provides:

"All the property, real, personal, and mixed, belonging to a woman at the time of her marriage, and all such property which she may acquire or receive after her marriage from any person whomsoever, by purchase, gift, grant, devise, bequest, descent, in the course of distribution, by her own skill, labor, or personal exertions, or as proceeds of a judgment at law or decree in equity, or in any other manner, shall be her own property as absolutely as if she were unmarried, and shall be protected from the debts of the husband and shall not in any way be liable for the payment thereof." Code D. C. § 1151.

[1] It is conceded that the judgment is in every respect valid and enforceable in the state of Maryland, but it is urged on behalf of defendant that the cause of action which formed the basis of that judgment may be inquired into to determine whether the judgment may be enforced against the property of the plaintiff in this District. To sustain this contention would mean the denial of full faith and credit to the judicial proceedings resulting in the Maryland judgment.

Chief Justice Marshall, affirming the rule announced in Mills v. Duryee, 7 Cranch, 481, 3 L. Ed. 411, interpreting the full faith and credit clause of the Constitution (article 4, § 1), and the statute enacted in pursuance thereof (R. S. § 905 [Comp. St. § 1519]), said:

"The doctrine there held was that the judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court of the United States." Hampton v. McConnel, 3 Wheat. 234, 4 L. Ed. 378.

It is clear that the inhibition of the statute of the District of Columbia could not have been pleaded in the Maryland court, since the guaranty of the wife for the payment of her husband's debts created a valid obligation, not only in Maryland, but in Illinois, where the obligation was incurred. The rule announced in the Hampton Case has been consistently followed by the courts of this country and was quoted with approval in Fauntleroy v. Lum, 210 U. S. 230, 236, 28 Sup. Ct. 641, 52 L. Ed. 1039.

The obligation to accord full faith and credit to a valid judgment, other than for lack of jurisdiction of the person or subject-matter, or for the enforcement of a penalty, is without limitation. As was said by Chief Justice White in Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1:

"The requirement of the Constitution is not that some, but that full, faith and credit shall be given by states to the judicial decrees of other states. That is to say, where a decree rendered in one state is embraced by the full faith and credit clause, that constitutional provision commands that the other states shall give to the decree the force and effect to which it was entitled in the state where rendered. Harding v. Harding, 198 U. S. 317."

Applying this rule to the present case, the courts of the District of Columbia must give the Maryland judgment the same force and effect to which it was entitled in that state; and, being admittedly a valid judgment in that state, it must be accorded the same status in this District.

[1] Counsel for defendant, however, attempts to avoid the logical result of the interpretation placed upon the degree of effect to be given the full faith and credit clause of the Constitution, on the ground that the enforcement of this judgment is in conflict with the statutes and public policy of this District, and cites in support of this position State of Wisconsin v. Pelican Insurance Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239. In that case a judgment was rendered in favor of the state of Wisconsin against a foreign insurance corporation. An original suit was brought in the Supreme Court upon the judgment. The judgment was obtained in Wisconsin for a fine or penalty imposed by the statutes of the state upon such corporations doing business in the state and failing to make certain returns as required by law. It was held that the jurisdiction to enforce a foreign judgment under the full faith and credit clause was confined to "controversies of a civil nature," and that the suit upon which the judgment was based in that case, was not such an action. The court in its opinion in the Fauntleroy Case, commenting upon this case, said:

"The case was not within the words of article 4, § 1, and, if it had been, still it would not have and could not have decided anything relevant to the question before us. It is true that language was used which has been treated as meaning that the original claim upon which a judgment is based may be looked into further than Chief Justice Marshall supposed. But evidently it meant only to justify the conclusion reached upon the specific point decided, for the proviso was inserted that a court 'cannot go behind the judgment for the purpose of examining into the validity of the claim.' 127 U. S. 293. However, the whole passage was only a dictum, and it is not worth while to spend much time upon it."

[2] The mere fact that the claim of the bank, valid in Maryland, could not have been enforced originally in this District, and that the enforcement of the judgment here abrogates the law and public policy of this jurisdiction, is not sufficient to limit the force of the constitutional declaration that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state" (article 4, § 1), nor the act of Congress in pursuance thereof, to the effect that "the records and judicial proceedings of the courts of any state or territory * * * shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken" (Rev. St. § 905 [Comp. St. § 1519]).

This case presents nothing novel. The mere fact that the cause of action in Maryland would not have supported a judgment in this District is beside the case. We may not go behind the Maryland judgment for the purpose of examining into the validity of the claim upon which it was based. Wisconsin v. Pelican Insurance Co., supra. The certified transcript of the Maryland judgment may be examined here to determine whether that court had jurisdiction of the parties and of

the subject-matter. If this investigation discloses complete jurisdiction, the judgment must be accorded the same force and effect it would have by law or usage in the courts of Maryland.

The enforcement of the judgment of a sister state, based upon a claim invalid and unenforceable in the state where enforcement of the judgment is sought, is not new. A judgment in Louisiana against copartners, with service upon only one of the partners, was held enforceable in New Hampshire, though a judgment upon such service would have been void in that state. Renaud v. Abbott, 116 U. S. 277, 6 Sup. Ct. 1194, 29 L. Ed. 629. A stockholder of a Kansas corporation was sued in Rhode Island upon a Kansas judgment against the corporation. In Kansas the judgment against the corporation ran also against the stockholder, but this was not the law in Rhode Island. The judgment, however, was held enforceable in the courts of Rhode Island. Hancock National Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506, 44 L. Ed. 619. In Fauntleroy v. Lum, supra, an action was brought upon a Missouri judgment in a court of Mississippi, the defendant pleaded that the original cause of action arose in Mississippi upon a gambling transaction in cotton futures, where the controversy was submitted to arbitrators, the illegality of the transaction not being included in the submission, and an award was rendered against the defendant. Defendant being found in Missouri, suit was brought upon the award, and the court, refusing to allow the defendant to show that the transaction was illegal and void under the laws of Mississippi, directed a verdict, leaving to the jury only the question whether the submission and award were made. The Mississippi court refused to enforce the Missouri judgment, and upon appeal to the Supreme Court the judgment was reversed.

It follows, from the foregoing summary of the law, that, with complete jurisdiction of the subject-matter and the parties, a judgment shall be accorded the same faith and credit in every court within the United States as it has by the law and usage of the courts in the state or territory where it was originally rendered; and this is true, though the cause of action upon which the judgment is based is against the law and public policy of the state or territory in which enforcement is sought.

The judgment is affirmed, with costs.