The complainant files her bill for maintenance alleging: 1. Marriage. 2. Abandonment and refusal to support. 3. Proceedings in the supreme court of New York, and decree thereon on May 13th, 1921, that defendant should pay to complainant $50 per week. 4. Modification thereof on June 6th, 1921, reducing said payments to $150 per month. 5. No payments since March, 1924. 6. Defendant is a resident of New Jersey. 7. Bill filed under section 25 of the Divorce act.
Upon the filing of the verified bill an order to show cause was granted. Upon the return of said order to show cause the defendant files answering affidavits in which it is stated: "That said judgment was entered against him in said cause, and that said judgment still remains of record unreversed in said court," and offered in evidence an exemplified copy of said judgment.
No denial was made of the allegation that said judgment was modified by the New York court, and it is therefore assumed that that court had power so to do. Tehsman v. Tehsman, 93 N.J. Eq. 76
(at p. 78); Bolton v. Bolton, 86 N.J. Law 622, 630.
The defendant insists this court has no jurisdiction in this matter in its present form, by reason of the clause in the federal constitution requiring "full faith and credit, c.," and cites Bates v. Bodie (January 21st, 1918), 245 U.S. 520.
 Freund v. Freund, 71 N.J. Eq. 524; affirmed, per curiam,72 N.J. Eq. 943, is authority for the statement that "The decree for future alimony being thus subject to future modification, it was not a final judgment within the full faith and credit clause of the federal constitution. Lynde v. Lynde (1900),181 U.S. 183." *Page 525 
Vice-Chancellor Emery proceeded further and stated (at p. 528,71 N.J. Eq.): "Whether, independent of the full faith and credit clause, and as a matter of comity, decrees of this character, subject to future modification, will be enforced by actions at law or in equity so long as they remain unrevoked or unaltered, has not been expressly decided in this state. In the courts of some states they have been enforced, but many of the decisions are rested on the full faith and credit clause, and being rendered before decision in the Lynde Case, these decisions are to this extent overruled by that case. The authorities are collected in 1 Whart. Confl. L. (3d ed.) 525 § 239c. In a later case, Wagner v. Wagner (R.I.) (1904),57 Atl. Rep. 1058, recovery of the future alimony on such decree, so long as it was unrevoked, was allowed on the basis of comity. These provisions are provisions for maintenance and are not usually considered as property or property rights, and in the absence of special circumstances more than one year's arrears will not be enforced by the court which made the decree. Kerr v. Kerr
(1897), 2 Q.B. 439, cited in Lynde v. Lynde, 64 N.J. Eq.
(19 Dick.) (Court of Errors and Appeals, 1902) 736, 757. In view of this practice it is evident that the questions of the right of action in another court upon such decrees, and the nature of the defenses to such action, and the extent of recovery, are matters for such consideration that a decision should not be made upon them in the present case unless necessary. I will not now pass on the question, for the reason that, in my judgment, the present bill must be treated purely as a bill for alimony under our statute, and the decree must be confined to this relief. The bill in this aspect is a bill to enforce a purely statutory right against the defendant, now a resident of this state, and the complainant cannot, in my judgment, have any additional relief to which she may be entitled by reason of the amount due on the New York judgment or any other property right or claim. For relief on such independent claim she must be remitted to her separate and independent action, and the prayer for this relief will therefore be denied, but without prejudice.
Treating the bill as a bill purely for alimony under the *Page 526 
statute, the New York decree set out in the bill is evidence of the wife's right thereto, as was said by Mr. Justice Dixon in a similar case. Van Orden v. Van Orden, 58 N.J. Eq. (13Dick.) (Court of Errors and Appeals, 1899) 545, and the first question is how far it is conclusive on this point.
This judgment was rendered by a court having jurisdiction in a cause in which the defendant appeared and defended, denying the abandonment, and I think the judgment is conclusive evidence of the abandonment by the husband at the time therein fixed (December, 1881), and sufficiently proves a case of abandonment then commencing. If the former judgment for abandonment had been recovered in this state it would have been conclusive evidence of the abandonment and of the time of its occurrence in a subsequent suit for desertion. Smith v. Smith, 55 N.J. Eq. (10 Dick.) (Vice-Chancellor Pitney, 1897) 222, 225. And under the federal constitution and laws, the judgment in New York having been rendered by a court having jurisdiction of the parties and the subject-matter, and after a trial on the merits, is conclusive upon the issues determined as the foundation for the judgment of divorce or separation. Bullock v. Bullock,52 N.J. Eq. (7 Dick.) (Court of Errors and Appeals, 1894) 561, 567,575; Bullock v. Bullock, 57 N.J. Law (28 Vr.) (SupremeCourt, 1895) 508. The same effect is given to such decrees for future alimony in the State of New York. Lynde v. Lynde
(1900), 162 N.Y. 405, 418. Independent of the full faith and credit clause the general principle recognized by all courts is, that in a subsequent action between the same parties as plaintiff and defendant, involving the same issues as those of a former action, the judgment in the former suit, whether in a domestic or foreign court, is an estoppel as to the issues actually litigated and determined in the first section. Cromwell v. County ofSac (1876), 94 U.S. 351, 353; 2 Black Jud. § 610; Lazier
v. Westcott (1862), 26 N.Y. 146, 151.
It follows that this case is within the case of Freund v.Freund, and this court has jurisdiction in this cause, and the order will be advised in accordance with the oral statement made by the court at the hearing. *Page 527