[Civ. No. 6669. Second Appellate District, Division One.—December 15, 1930.]

THE FIRST NATIONAL BANK OF SAN PEDRO (a Corporation), Respondent, v. W. M. ARMSTRONG et al., Appellants.

Bauer, Wright & Macdonald, W. W. Worthington and Loucks & Phister for Appellants.

Goodspeed, Pendell & McGuire for Respondent.

HOUSER, J.—Defendants appeal from a judgment rendered against them in an action wherein they were charged with liability as stockholders of a corporation.

It appears that the corporation of which defendants were stockholders was indebted to the plaintiff in approximately the sum of $90,000, and that said corporation, together with several other corporations, were being "merged" into a new corporation by a procedure which included the taking over by the new corporation of the assets of each of the old

corporations and the assumption by the new corporation of the liabilities of each of the old corporations; to be followed by an issuance of a certificate of stock by the new corporation to each of the old corporations in proper proportionate amounts. The plan of consolidation also included the purchase for cash of additional stock in the new corporation by each of the old corporations. To that end, the corporation of which the defendants were stockholders made arrangements with the plaintiff to borrow money from it with which to purchase stock in the new corporation amounting to the sum of $68,000. In the late afternoon of the same day on which the $68,000 was paid by the plaintiff on behalf of the old corporation for the additional stock purchased by it, the indebtedness of $90,000 theretofore owed by it to the plaintiff was paid by the new corporation.

For a reversal of the judgment, it is first urged by appellants that since as to them (as stockholders), at the time the action was commenced, the statute of limitations had run on the $90,000 indebtedness owed by the old corporation to the plaintiff, for the reason that the entire transaction hereinbefore outlined amounted merely to a discharge in part of that indebtedness and a renewal thereof as to the balance of such obligation, the statute also had run as against the latter debt.

■ It is a rule of law, established by the weight of authority, that the benefits which may result to a defendant from the provisions of statutes of limitations are available only by means of an affirmative defense interposed by him; and that, especially when dependent upon facts not appearing in the complaint or introduced in evidence by the plaintiff, the burden of establishing the facts constituting such a defense rests on the defendant. (*Pierce* v. *Southern Pac. Co.*, 120 Cal. 156, 162 [40 L. R. A. 350, 47 Pac. 874, 52 Pac. 302]; *San Diego Realty Co.* v. *Hill*, 168 Cal. 637, 639 [143 Pac. 1021]; *Wise* v. *Williams*, 72 Cal. 544, 548 [14 Pac. 204]; *Wright* v. *Ward*, 65 Cal. 525, 527 [4 Pac. 534]; *Strauss* v. *Canty*, 169 Cal. 101 [145 Pac. 1012]; *Van Buskirk* v. *Kuhns*, 164 Cal. 472 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587]; *Farrell* v. *Palmer*, 36 Cal. 187; *Black* v. *Vermont Marble Co.*, 1 Cal. App.

718 [82 Pac. 1060]; 16 Cal. Jur. 626; 37 C. J. 1243; 17 R. C. L. 1004.)

■ With reference to the facts in the instant case appertaining to the defense of the statute of limitations, the finding by the trial court was: " . . . that none of the notes mentioned or described in the plaintiff's complaint was made, executed or delivered for the purpose of evidencing or extending any pre-existing indebtedness of said (old corporation) to the plaintiff."

Although the direct evidence in support of such finding is not particularly strong, when certain ambiguous circumstances which are capable of being construed in favor of the finding, together with the legal principle that on the defendants rested the burden of establishing the necessary facts, are also taken into consideration, it is concluded that the requirement of sufficiency of the evidence to support the finding is satisfied.

■ It is further contended by appellants that because of what might appear to be an inconsistency between the finding to which reference has been had and another finding made by the trial court, it follows that the findings as a whole do not support the judgment. The particular language of the finding to which attention is directed is that: " . . . nor did said plaintiff agree to release the (old corporation) from any liability on account of any indebtedness theretofore existing between the plaintiff and the said (old corporation) to any extent whatsoever."

In making the loan of the total sum of $68,000, the plan followed was that it was divided into several different amounts for each of several of which a promissory note was executed by the old corporation in favor of the plaintiff and a like promissory note for the same amount was executed by some individual in favor of the old corporation, and which latter promissory note was then indorsed by the old corporation and delivered to the plaintiff as collateral security for said principal note. The complaint herein, although founded upon the liability of the stockholders for the entire indebtedness of $68,000, to a considerable extent was made up of separate counts relating to each of the several principal promissory notes which were so executed; and the separate defense of one of the defendants, as ex-

pressed in his answer to the complaint, among other things, contained the allegation: "That defendants are informed and believe and upon such information and belief allege that the promissory note set forth in said complaint was given by the said B. Houssels to the International Packing Corporation of California, a corporation, upon the understanding and agreement between the said B. Houssels, the plaintiff herein, and the International Packing Corporation of California, a corporation, that the said promissory note was for the amount of the stockholders' liability owed by the said B. Houssels on account of stock held by him in said International Packing Corporation of California, a corporation; that said plaintiff agreed to release the International Packing Corporation of California, a corporation, from all liability on account of any indebtedness theretofore existing between the plaintiff and the said International Packing Corporation of California, a corporation, to the amount of said promissory note of the said B. Houssels, to-wit: in the sum of two thousand four hundred dollars ($2,400)."

By a comparison between the language employed in the finding in question and the special defense to which reference has just been had, it will be noted that said finding is in direct response to said defense. Although the latter part only of the finding is the subject of criticism by appellants, an examination of the finding as a whole discloses the fact that it simply negatives the allegation contained in such special defense to the effect that the collateral, or individual promissory note to which reference was had in the complaint was executed with the understanding that it was "for the amount of any stockholders' liability", or that by reason of the giving of such promissory note the plaintiff agreed to release the old corporation from any portion of any liability arising on account of former indebtedness theretofore existing between the plaintiff and the old corporation. Thus explained, no inconsistency is apparent between the two findings to which attention has been directed.

■ Appellants further urge that the complaint failed to state a cause of action in that it contained no allegation that either of the promissory notes indorsed by the old corporation was ever presented for payment, or, indeed as a prerequisite to the bringing of an action upon an indorsed negotiable instrument, that either or any of the several

acts incumbent upon the drawee or holder of such an instrument had been performed.

The only reply necessary to such contention is that the action was on the liability of stockholders arising out of the total new indebtedness of the old corporation to the plaintiff, as evidenced by the corresponding notes of the old corporation to the plaintiff. Although each of the several collateral notes was set forth in the complaint, the entire action was not brought on the assumption by the plaintiff that each of the several defendants was liable to the plaintiff by reason of his having executed that promissory note. Those notes were but incidental or evidentiary of the cause of action stated in the complaint. Each of them was taken as collateral security for the particular sum of money represented by the principal promissory note. Its injection into the action merely showed or tended to show a part of the details which made up the ultimate transaction on which the liability of the stockholders depended, and furnished some evidence of an item contained in the total indebtedness for which the action was brought. Consequently it was wholly unnecessary that the complaint contain an allegation either with reference to whether the collateral promissory notes were or either of them was ever presented for payment, or as to either of the other ordinary requirements in an action against an indorser of a promissory note.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.