[Civ. No. 7237. Second Appellate District, Division One.—January 19, 1932.]

LILLIAN E. MORRIS, Respondent, v. BOARD OF EDUCATION OF THE PASADENA CITY SCHOOL DISTRICT et al., Appellants.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and C. P. Penn, Deputies County Counsel, for Appellants.

W. A. Alderson for Respondent.

HOUSER, J.—For a period covering several years prior to the happening of the incident which gave rise to the institution of the proceeding which forms the basis of the instant appeal, respondent herein was a teacher in the public school of the city of Pasadena, in which position and in the course of her service therein, she acquired a status described in the statute (sec. 1609, Pol. Code) and generally known as "permanent". Immediately preceding the commencement of the school year beginning in September, 1925, for some undisclosed reason the appellant Board of Education, acting through the county superintendent of schools, "informed" respondent that it refused to employ her as a "permanent" teacher for that particular school year; and ever after such information was so conveyed to respondent the said Board of Education refused to permit and prevented respondent from performing duties as a "permanent" teacher in said public school. After a lapse of more than three years following the said refusal of the said Board of Education to permit respondent to instruct in said public school as a "permanent" teacher, during which time at intermittent intervals, at the request of respondent, the said Board of Education did permit her to teach and she did teach in said school as a "substitute" teacher, the proceeding, out of which this appeal arises, was instituted in the superior court. In pursuance of a writ of mandate issued by said court at the instance of respondent, judgment was rendered by which in substance the said Board of Education was directed to reinstate respondent as a "permanent" teacher in said school, and to pay respondent the salary to which she would have become entitled had she been permitted to teach as a "permanent" teacher during the time that she was not so occupied by reason of said refusal of the said Board of Education. It is from such judgment that the appeal herein is prosecuted.

■ It is urged by appellants that the cause of action was barred by the statute of limitations. From the record it appears that by their demurrer, as well as by their answer to the complaint, the defendants in the action raised the same point; and it is conceded by the appellants that by its findings of fact in effect the trial court found that such a defense to the action was untenable. The appeal from the judgment is upon the judgment-roll only. Since every intendment favors the validity of the judgment, it must be presumed that on the trial in the lower court sufficient evidence was presented to sustain its findings of fact.

In the case of *Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410], it is held that in circumstances such as are here presented the sufficiency of the evidence to support findings adverse to a plea of the statute of limitations cannot be questioned. (See, also, *Barnes* v. *Cocke,* 112 Cal. App. 562 [297 Pac. 598]; *Moore* v. *Rogers,* 102 Cal. App. 783 [283 Pac. 840, 284 Pac. 916]; 2 Cal. Jur. 521; 16 Cal. Jur. 641, and authorities there cited.) It follows that the contention of appellants regarding the application of the statute of limitations to the facts herein cannot prevail.

■ Appellants also contend that the ''1931 Teachers' Tenure Act'', which was enacted long after the appeal herein was taken, is unconstitutional. The principal point relied upon by the appellants is that the statute is discriminatory in that, whereas by the provisions of the statute in question in school districts which have an average daily attendance of at least 850 pupils, as a matter of right the teachers therein are entitled to become ''permanent'',—in districts which have an average daily attendance of less than 850 pupils the classification of any teachers as ''permanent'' is not made compulsory, but, to the contrary, may be denied,—dependent solely on the conclusion in that regard which may be reached by the board of education in that particular school district.

In principle, in the case of *Grigsby* v. *King,* 202 Cal. 299 [260 Pac. 789, 792], the point suggested by the appellants is ruled against their contention. Appellants, however, direct our attention to the fact that the decision in *Grigsby* v. *King, supra,* in dealing with the question of the validity of the classification there discussed, held that it was a classifica-

tion of school districts and school trustees, and not of teachers; whereas, appellants contend, under the new provisions of the School Code (Stats. 1931, p. 1394 et seq.), the classification is directly that of teachers and not of districts. We are of the opinion that this change in the form of the legislation does not alter the fact that the classification is one which ultimately rests upon differences in the population of school districts, and upon resulting differences in the management and methods of administration in large as compared with small districts, and in the training and experience acquired by teachers in the various districts. The classification does not result in any unlawful discrimination between persons; for, as the Supreme Court said, "There is nothing in the law to prevent any teacher from serving in any school district which she may select. Any unusual benefit or detriment enjoyed or suffered by an individual teacher is merely incidental to the main purpose of the statute and does not invalidate it."

Further, we are inclined to the view that since there was no error in the judgment as rendered, our duty is limited to an affirmance, regardless of the subsequent statutory changes.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 18, 1932, and the following opinion then rendered thereon:

THE COURT.—In passing upon the petition for rehearing herein, particular notice is taken of the criticism therein of the statement which occurs in the opinion heretofore filed by this court, to the effect that "it is conceded by the appellants that by its findings of fact the trial court found that such a defense to the action was untenable".

By reference to the opening brief filed by appellants, it is discovered that therein appears the statement that:

" . . . We submit, therefore, that the judgment is not supported by the findings, but is rather contradicted by them, *since the findings expressly determine all the facts essential to the establishment of the bar of the statute.*"

In addition thereto, referring to such statement, the following appears in the brief of the respondent:

"It is assumed, therefore, that appellants are considering and treating the record on this appeal as containing a finding and conclusion of law that the cause of action is not barred by the statute of limitations."

Nor has this court been able to discover that in either of the subsequent briefs filed by appellants said latter statement was ever challenged by them.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1932.