Ina Mai Bentley, Plaintiff, *v.* Louis J. Calabrese, Defendant.

Supreme Court, Erie County, May 29, 1935.

*Adrian Block,* for the plaintiff.

*Knibloe & Lipsitz,* for the defendant.

Lytle, J.  This action is brought to recover a money judgment for certain sums claimed by the plaintiff as past due alimony by virtue of a decree of the Probate Court for the county of Middlesex, in the State of Massachusetts.  The defendant urges as a defense that the alleged foreign judgment is not a final judgment and as such should not be enforced in the courts of this State under the provisions of section 1 of article 4 of the Constitution of the United States of America.  Plaintiff moves for a summary judgment.

Generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested on becoming due, and is, therefore, protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments; but this general rule does not obtain where by law of the State in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due.  (*Sistare v. Sistare,* 218 U. S. 1; 30 S. Ct. 682; 54 L. Ed. 905.)

The defendant has established that in the State of Massachusetts a judgment for future alimony and maintenance is subject to modification and annulment, even as to payments accrued and overdue. (*Williamson* v. *Williamson*, 246 Mass. 270; 140 N. E. 799; *McIlroy* v. *McIlroy*, 208 Mass. 458; 94 N. E. 696; *Hill* v. *Hill*, 196 Mass. 509; 82 N. E. 690.)

Where a foreign decree is subject to modification by the court in which it was entered, neither the Federal Constitution nor the principle of comity requires the courts of another State to enforce it, as no court, other than that having jurisdiction in the original suit, could undertake to administer the relief to which the parties might be entitled. (*Little* v. *Little*, 146 Misc. 231; affd., 236 App. Div. 826.)

In section 464 of Restatement of Conflict of Laws the rule is stated as follows: " A valid judgment for alimony granted in one state can be enforced in another state to the extent of the amount already due and unpaid on the decree, and not subject to reduction."

Plaintiff's motion for summary judgment is denied on the ground that the judgment or decree of the Massachusetts court sought to be enforced in this State is not a final judgment for an absolute debt. Defendant's liability under the foreign decree is not inflexible or unalterable and is subject to modification and annulment.

Let an order be prepared accordingly.