[Civ. No. 9871.  Second Appellate District, Division Two.—March 10, 1936.]

CHARLOTTE B. PALEN, Respondent, v. MATTHEW A. PALEN, Appellant.

Andrew J. Copp, Jr., for Appellant.

William Ellis Lady for Respondent.

GOULD, J., *pro tem.*—In an action in the state of Missouri plaintiff herein was awarded a decree of divorce from defendant and was granted an alimony allowance. Alleging failure on the part of defendant to make certain alimony payments and to observe the terms of a property agreement, plaintiff brought this suit in California. Originally the action was simply to recover for certain sums of money due from defendant under the Missouri decree and the property agreement, but by a supplemental complaint plaintiff also asked in effect that the decree of the Missouri court be established as a continuing judgment in this jurisdiction. Also involved herein is the right of plaintiff to judgment against defendant for an additional sum of money which had been borrowed upon certain life insurance policies, which money defendant had agreed in the property settlement between the parties to repay but which plaintiff herself had paid because of defendant's failure and refusal to do so.

It is settled that a judgment for alimony obtained in another state may be established in this state for the purpose of enforcing it as a continuing judgment in this jurisdiction for the payment of alimony. (*Creager* v. *Superior Court,* 126 Cal. App. 280 [14 Pac. (2d) 552]; *Straus* v. *Straus,* 4 Cal. App. (2d) 461 [41 Pac. (2d) 218, 42 Pac. (2d) 378].) By its judgment in favor of plaintiff herein the trial court did nothing more with respect to the alimony payments than is authorized by the foregoing decisions. Respondent was given a money judgment for the alimony due at the date of trial, and it was further provided that the provisions of the Missouri decree for future payments be established as the decree of the California court with the same force and effect as if said Missouri judgment had been rendered in this state.

By his property agreement with respondent, appellant had obligated himself to pay off certain loans on life insurance policies, which policies became respondent's property. In the within action respondent originally asked judgment for damages against appellant for the amount of the unpaid insurance policy loans. After the trial of the case

but before decision the court permitted the filing of a supplemental complaint in which respondent alleged that she herself had paid the loans, and the court gave judgment against appellant for the amount so paid. Appellant objects to this portion of the judgment, but we see no force in his contention. Filing of additional pleadings to bring the entire subject-matter in controversy before the court for adjudication is a matter committed to the discretion of the trial court; and in this case it was eminently proper to permit the supplemental complaint to be filed. ■ By his agreement with respondent, appellant had undertaken to repay the loans, and his claim that such agreement was without consideration is untenable in view of the fact that the payment of the policy loans was but one item in a settlement between husband and wife of their varied property rights. It is immaterial whether or not the one dollar consideration recited in the covenant was actually paid. The obligations arising out of the marriage relation and existing at the time of the property settlement, as well as the mutual obligations of the agreement itself, constitute sufficient consideration. The judgment rendered by the court imposes upon appellant exactly the burden which he assumed when he voluntarily entered into the written covenant with his wife, and he can point to no detriment imposed which warrants a reversal of the lower court's adjudication.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.