[Sac. No. 5405.   In Bank.—January 28, 1941.]

LOTTIE C. BIEWEND, Respondent, v. ADOLPH C. BIE-
WEND, Appellant.

Gumpert & Mazzera and C. H. Hogan for Appellant.

Nathan H. Snyder, Lawrence Edwards and Chas. H. Epperson for Respondent.

TRAYNOR, J.—Plaintiff secured a decree of divorce in Missouri on May 10, 1918, which provided that defendant pay her $25 per week for the support of herself and their four minor children. Both parties were before the court and subject to its jurisdiction. Subsequently they came to California. Between the date of the original divorce decree in Missouri and the time of bringing this action all the minor children reached their majority. Meanwhile plaintiff married and divorced a second time after which she again lived with defendant for a period of four years. In 1938, the plaintiff brought suit upon the decree in the Superior Court of San Joaquin County, and recovered a judgment ordering not only the payment of those installments which had accrued within five years prior to the beginning of the action but also payment to her of $25 per week from the date of the judgment. Defendant has appealed from this judgment.

An order for the payment of money as alimony rendered by a court of competent jurisdiction in one state must be recognized by all other states under the full faith and credit clause of the United States Constitution as to all accrued installments not subject to modification by the court rendering the original order. (*Sistare* v. *Sistare,* 218 U. S. 1 [30 Sup. Ct. 682, 54 L. Ed. 905] ; *Lynde* v. *Lynde,* 181 U. S. 183 [21 Sup. Ct. 555, 45 L. Ed. 810] ; *Barber* v. *Barber,* 62 U. S. (21 How.) 582 [16 L. Ed. 226] ; Goodrich, Conflict

of Laws [2d ed.], sec. 135; A. L. I. Restatement, Conflicts of Laws, sec. 464; *Barns* v. *Barns,* 9 Cal. App. (2d) 427 [50 Pac. (2d) 463]; *Bruton* v. *Tearle,* 7 Cal. (2d) 48 [59 Pac. (2d) 953, 106 A. L. R. 580]; *Thomas* v. *Thomas,* 14 Cal. (2d) 355 [94 Pac. (2d) 810]; *Spalding* v. *Spalding,* 75 Cal. App. 569 [243 Pac. 445]; *Rinkenberger* v. *Rinkenberger,* 99 Cal. App. 45 [277 Pac. 1096]; *Mercantile Acceptance Co.* v. *Frank,* 203 Cal. 483 [265 Pac. 190, 57 A. L. R. 696]; *Palen* v. *Palen,* 12 Cal. App. (2d) 357 [55 Pac. (2d) 228]; *Creager* v. *Superior Court,* 126 Cal. App. 280 [14 Pac. (2d) 552]; *Dreesen* v. *Dreesen,* 31 Cal. App. (2d) 479 [88 Pac. (2d) 223]; *Handschy* v. *Handschy,* 32 Cal. App. (2d) 504 [90 Pac. (2d) 123]; *Cummings* v. *Cummings,* 97 Cal. App. 144 [275 Pac. 245]; *Morrow* v. *Morrow,* 40 Cal. App. (2d) 474 [105 Pac. (2d) 129].)

Only if such accrued payments are still subject to modification may recovery be denied. ˙ (*Bentley* v. *Calabrese,* 155 Misc. 843 [280 N. Y. Supp. 454]; *Weston* v. *Weston,* 177 La. 305 [148 So. 241]; *Page* v. *Page,* 189 Mass. 85 [75 N. E. 92, 4 Ann. Cas. 296]; *Bleuer* v. *Bleuer,* 27 Okl. 25 [110 Pac. 736]; *Levine* v. *Levine,* 95 Or. 94 [187 Pac. 609]; *Hunt* v. *Monroe,* 32 Utah, 428 [91 Pac. 269, 11 L. R. A. (N. S.) 249]; *Henry* v. *Henry,* 74 W. Va. 563 [82 S. E. 522, L. R. A. 1916D, 1024].)

Under the law of Missouri courts of that state will make no modification of the right to accrued installments. The wife thus has a vested right to them enforceable in other states on the basis of full faith and credit. (*Nelson* v. *Nelson,* 282 Mo. 412 [221 S. W. 1066].) Neither the subsequent marriage of the divorced wife to another nor her subsequent resumption of marital relations with the defendant nor the coming of age of the children automatically releases the defendant from his obligations to pay alimony. They merely afford grounds for the court in its discretion to modify or vacate the order as to future installments upon proper application. (*Niedt* v. *Niedt,* (Mo. App.) 95 S. W. (2d) 868.) Section 1355 of Revised Missouri Statutes [1929], volume I, page 567, provides that the court may modify the order for payment of alimony but only upon application of either of the parties.

It is well settled that once a valid judgment has been rendered it must be accorded full faith and credit by every other court within the United States even though the cause

of action upon which the judgment was based is against the law and public policy of the state in which enforcement is sought. (*Fauntleroy* v. *Lum*, 210 U. S. 230 [28 Sup. Ct. 641, 52 L. Ed. 1039]; *Roche* v. *McDonald*, 275 U. S. 449 [48 Sup. Ct. 142, 72 L. Ed. 365]; *Milwaukee County* v. *M. E. White Company*, 296 U. S. 268 [56 Sup. Ct. 229, 80 L. Ed. 220]; *Hieston* v. *National City Bank of Chicago*, 280 Fed. 525 [51 App. D. C. 394]; *Westwater* v. *Murray*, 245 Fed. 427 [157 C. C. A. 589]; *Morrow* v. *Morrow, supra;* 24 A. L. R. 1437; Goodrich, Conflict of Laws [2d ed.], sec. 207.) ■ In the present case the provision of the California law that a divorced wife is no longer entitled to alimony after she has remarried (Cal. Civ. Code, sec. 139; *Cohen* v. *Cohen*, 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520]; *Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868]; *Atlass* v. *Atlass*, 112 Cal. App. 514 [297 Pac. 53]; *McClure* v. *McClure*, 4 Cal. (2d) 356 [49 Pac. (2d) 584, 100 A. L. R. 1257]; *Hale* v. *Hale*, 6 Cal. App. (2d) 661 [45 Pac. (2d) 246]) or the rule that a court may reduce alimony payments upon the coming of age of the minor children (*Hale* v. *Hale, supra*) can in no way diminish the obligation of the California court to give full faith and credit to the Missouri decree with regard to accrued installments of alimony.

■ The full faith and credit clause, however, does not obligate the courts of one state to enforce an alimony decree rendered in another state with regard to future payments, particularly when such future installments are subject to modification by the court of original jurisdiction. (*Sistare* v. *Sistare, supra; Lynde* v. *Lynde, supra; Barber* v. *Barber, supra; Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245]; *Creager* v. *Superior Court, supra; Rinkenberger* v. *Rinkenberger, supra; Barns* v. *Barns, supra; McCullough* v. *McCullough*, 203 Mich. 288 [168 N. W. 929]; *Levy* v. *Dockendorff*, 177 App. Div. 249 [163 N. Y. Supp. 435]; *Richards* v. *Richards*, 87 Misc. 134 [149 N. Y. Supp. 1028]; *Campbell* v. *Campbell*, 28 Okl. 838 [115 Pac. 1111]; *Armstrong* v. *Armstrong*, 117 Ohio, 558 [160 N. E. 34, 57 A. L. R. 1108]; *Rosenberg* v. *Rosenberg*, 152 Md. 49 [135 Atl. 840]; *McWilliams* v. *McWilliams*, 216 Ala. 16 [112 So. 318]; *Freund* v. *Freund*, 71 N. J. Eq. 524 [63 Atl. 756]; *Reik* v. *Reik*, 101 N. J. Eq. 523 [139 Atl. 385]; A. L. I., Rest. Conflicts of Laws, sec. 464.) In the present case the Missouri court clearly retains authority to modify the amount of future installments

not yet due upon proper application showing good cause by the defendant (Sec. 1355, Revised Missouri Statutes [1929], vol. I, p. 567; *Niedt* v. *Niedt,* (Mo. App.) 104 S. W. (2d) 692; *Meyers* v. *Meyers,* 91 Mo. App. 151.)

Upon the basis of comity, however, as distinguished from the requirements of full faith and credit, the California courts have in numerous cases ordered that a foreign decree for future payments of alimony be established as the decree of the California court with the same force and effect as if it had been entered in this state, including punishment for contempt if the defendant fails to comply. (*Palen* v. *Palen,* 12 Cal. App. (2d) 357 [55 Pac. (2d) 228]; *Creager* v. *Superior Court, supra; Straus* v. *Straus,* 4 Cal. App. (2d) 461 [41 Pac. (2d) 218, 42 Pac. (2d) 378]; *Cummings* v. *Cummings, supra; Bruton* v. *Tearle,* 7 Cal. (2d) 48 [59 Pac. (2d) 953, 106 A. L. R. 580]; see, also, *Morrow* v. *Morrow, supra.*)

██ Such a rule of comity is subject to the principle that foreign laws will not be given effect when contrary to the settled public policy of the forum. (*Estate of Lathrop,* 165 Cal. 243 [131 Pac. 752]; *Whitney* v. *Dodge,* 105 Cal. 192 [38 Pac. 636]; *Blythe* v. *Ayres,* 96 Cal. 532 [31 Pac. 915, 19 L. R. A. 40]; *Pearson* v. *Pearson,* 51 Cal. 120; *Pennoyer* v. *Neff,* 95 U. S. 714 [24 L. Ed. 565]; *Green* v. *Van Buskirk,* 72 U. S. (5 Wall.) 307 [18 L. Ed. 599]; *Smith* v. *Union Bank,* 30 U. S. (5 Pet.) 518 [8 L. Ed. 212]; 5 Cal. Jur. 422; 12 C. J. 439.) It must be clear, however, that the enforcement of the right obtained under the laws of another state would be prejudicial to recognized standards of morality and to the general interests of the citizens in the state of the forum. (*Dennick* v. *Central R. R. Co. of N. J.,* 103 U. S. 11 [26 L. Ed. 439]; *Herrick* v. *Minneapolis & St. L. Ry. Co.,* 31 Minn. 11 [16 N. W. 413, 47 Am. Rep. 771]; *Powell* v. *Great Northern Ry. Co.,* 102 Minn. 448 [113 N. W. 1017]; *Loucks* v. *Standard Oil Co. of N. Y.,* 224 N. Y. 99 [120 N. E. 198]; *International Harvester Co.* v. *McAdam,* 142 Wis. 114 [124 N. W. 1042, 20 Ann. Cas. 614, 26 L. R. A. (N. S.) 774]; *Whitney* v. *Dodge,* 105 Cal. 192 [38 Pac. 636]; 5 Cal. Jur. 423; 12 C. J. 439.) Actually as set forth in the Restatement: "There is a strong public policy favoring the enforcement of duties validly created by the law governing their creation. Denial of enforcement of the foreign claim will result in an undeserved benefit to the defendant." (A. L. I. Rest. of Conflicts of Laws, sec. 612, comment c; see

Beach, Uniform Interstate Enforcement of Vested Rights [1918], 27 Yale L. J. 656.) A mere variance between the law of the forum and the law of the state where the cause arose does not alone warrant such denial of enforcement. (*Dennick* v. *Central R. R. Co. of N. J., supra; Herrick* v. *Minneapolis & St. L. Ry. Co., supra; Powell* v. *Great Northern Ry. Co., supra; Loucks* v. *Standard Oil Co. of N. Y., supra; International Harvester Co.* v. *McAdam, supra; Whitney* v. *Dodge, supra;* 5 Cal. Jur. 423; 12 C. J. 439.)

In the present case the Missouri law differs from that of California in permitting alimony payments to continue after the remarriage of the divorced wife. (*Gunderson* v. *Gunderson,* 4 Cal. App. (2d) 257 [40 Pac. (2d) 956].) Such a right to receive future installments of alimony, however, even though at variance with Civil Code, section 139, is not perforce inharmonious with local public policy. It offers no threat to either the moral standards or the general interests of the citizens of this state. To hold that the right created in Missouri is so immoral as to be unenforceable here would involve a complacent attribution of moral superiority to this state. The remarriage and the coming of age of the minor children offer grounds for modification of the original decree for which the defendant can make application in the court of original jurisdiction in Missouri, and it is not incumbent upon the California court to refuse to give prospective effect to the decree upon these grounds. (*Handschy* v. *Handschy,* 32 Cal. App. (2d) 504 [90 Pac. (2d) 123].) Therefore, the judgment of the trial court ordering the defendant to pay to the plaintiff $25 per week in the future from the date of the judgment is valid and enforceable until such time as the Missouri court modifies its decree.

It is a principle of conflict of laws recognized in California that the barring of a claim by the statute of limitations is a procedural matter governed by the law of the forum, regardless of where the cause of action arose. (*McElmoyle* v. *Cohen,* 38 U. S. [13 Pet.] 312 [10 L. Ed. 177] ; *Townsend* v. *Jemison,* 50 U. S. [9 How.] 407 [13 L. Ed. 194] ; *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139] ; *Miller* v. *Lane,* 160 Cal. 90 [116 Pac. 58].) It is a corollary that an action brought upon a judgment of a sister state is subject to the limitations prescribed by the law of

the state where the action is brought. (*Stewart* v. *Spaulding,* 72 Cal. 264 [13 Pac. 661]; 3 Freeman, Judgments, sec. 1456.)

Section 336 of the California Code of Civil Procedure provides that an action upon a judgment or decree of any court of the United States or of any state within the United States must be brought within five years. A decree for future payments of alimony is a continuing judgment. The trial court in this case therefore gave judgment for those installments of alimony which had accrued within five years prior to the bringing of the action, the California statute of limitations having run on all installments accruing prior to that time.

Section 361 of the California Code of Civil Procedure, however, provides: ''When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who held the cause of action from the time it accrued.'' This section applies only to causes of action barred by the law of the state of creation, but not by the law of this state. (*Littlepage* v. *Morck,* 120 Cal. App. 88 [7 Pac. (2d) 716].) Since the plaintiff has not been a citizen of this state from the time the cause of action accrued, this section has the effect of applying the Missouri statute of limitations to those installments accruing within five years, upon which the California statute of limitations has not run. (*Stewart* v. *Spaulding,* 72 Cal. 264 [13 Pac. 661]; *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [129 Pac. 587, Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710].)

Defendant therefore sets up as a bar to this action section 886 of the Revised Missouri Statutes of 1929, in force at the time the original alimony decree was secured by plaintiff, which provides: ''Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or county, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon

the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process issued thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.''

This section has been held effective to cut off the right to continuing alimony installments if no payment is made or action taken upon the original decree within ten years after rendition. (*Mayes* v. *Mayes*, 342 Mo. 401 [116 S. W. (2d) 1].) It has been interpreted, however, by the Missouri courts as constituting a statute of limitations which must be specially pleaded to be available in defense to an action on a judgment. (*Excelsior Steel Furnace Co.* v. *Smith,* (Mo. App.) 17 S. W. (2d) 378; *Flink* v. *Parcell,* 344 Mo. 49 [124 S. W. (2d) 1189].)

■ Defendant properly pleaded his contention under California law when he alleged by answer that plaintiff's cause of action ''is barred by the provisions of Section 361 of the Code of Civil Procedure of the State of California.'' (Code Civ. Proc., sec. 458; *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, 193, 198 [106 Pac. 715, 21 Ann. Cas. 1279].) The trial court, however, expressly found that ''it is not true that said judgment is barred by Section 361 of the Code of Civil Procedure of the State of California.'' ■ Defendant has appealed upon the judgment roll alone. He has made no showing on appeal that any evidence was introduced below to sustain his burden of proving that the cause of action was barred by the statute of limitations. (Code Civ. Proc., sec. 458; *First National Bank* v. *Armstrong,* 110 Cal. App. 408 [294 Pac. 25]; 16 Cal. Jur. 626.) He has not shown that plaintiff failed to take some action upon the original decree within ten years after its rendition. Every intendment favors the validity of the judgment as rendered, and if no evidence is presented in the record on appeal, it must be assumed that sufficient evidence was presented to the trial court to sustain its finding of fact. (*Morris* v. *Board of Education,* 119 Cal. App. 750 [7 Pac. (2d) 364, 8 Pac. (2d) 502]; *Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410].) Defendant's contention that the action is barred by

section 361 of the Code of Civil Procedure therefore cannot be sustained.

The judgment of the trial court is affirmed.

Shenk, J., Edmonds, J., Peters, J., *pro tem.*, Ward, J., *pro tem.*, and Gibson, C. J., concurred.

CARTER, J., Dissenting.—I dissent.

I concur in that portion of the majority opinion which holds that the judgment should be affirmed as to those alimony payments which had accrued under the Missouri decree within five years immediately preceding the commencement of this action, but I dissent from that portion of said opinion which purports to affirm that portion of the judgment of the trial court establishing the Missouri decree as a California judgment requiring payments henceforth of $25 per week by the husband to the wife although the Missouri award was for the support of both the children and the wife, and the children have now reached majority, and the wife, since the Missouri decree, has remarried. It is true that the second marriage has been dissolved, but when we consider that the wife has done nothing to enforce the Missouri decree from the time of its entry until 1938, and during that time has lived with the husband for four years and has been married and divorced a second time, considerations of good morals, social principles, natural justice, and fair play require a determination that it is against the public policy of this state to establish the Missouri decree as a California judgment requiring the husband in the future to pay $25 per week to the wife. It must be conceded that whether or not future payments under the Missouri decree shall be so established, lies entirely in the discretion of the trial court, unaffected by the full faith and credit clause of the federal Constitution; but it is contended that such establishment is not against the public policy of this state as expressed by the legislature in section 139 of the Civil Code, which provides that alimony payments shall cease upon remarriage of the wife. The term "public policy" as used in connection with the enforcement by one state of another state's laws is at best vague and impossible of precise definition, and it is true that a state's public policy ordinarily is not violated merely because there is a variance in the laws of the states involved, and that before there is such a violation of the law

of the other state, it must be contrary to good morals or natural justice. But in this instance we have a declaration of policy in California which states that a woman cannot look to her former divorced husband for support and maintenance after she has become the wife of another man. It is undoubtedly a fundamental social principle inherent in the fiber of any flourishing and successful social order, that marriage, and the home life and families that flow therefrom, are to be fostered and encouraged at all times. The law that relieves a man from further alimony payments after his divorced wife remarries, not only encourages a man to remarry and establish a home and rear a family because he is relieved of the burden of supporting his first wife, but in the majority of instances will make his remarriage a possibility; whereas, due to economic circumstances, it would be out of the question, if he has a former wife to support. It necessarily follows, therefore, that natural justice and fundamental social principles are advanced and secured by the policy declared in section 139 of our Civil Code and any law to the contrary is a violation of the public policy involved in the doctrine of comity and should not be countenanced by this court. There is no injustice caused to the woman. When she marries the second time, she takes her new companion for better or worse, and chooses, and in justice should look to him and him alone for her maintenance. He should not be relieved from this obligation, nor be permitted to live a life of ease and idleness at the expense of not only the efforts and toil of the first husband, but also at the much greater cost of making it economically impossible for the first husband to remarry. The decision cites *Handschy* v. *Handschy*, 32 Cal. App. (2d) 504 [90 Pac. (2d) 123], for its position, but rather than supporting it, that decision unequivocally states that, it is against the public policy of California to enforce a divorce decree of a sister state which requires the payment of alimony after remarriage. In the cited case it is said at page 509 : "Appellant contends also that as the children are of age the amount of alimony awarded was *ipso facto* reduced to the extent that the same provided for their maintenance, support, and that the trial court erred in refusing to allow him credit accordingly, although no modification had been made of the decree of the Illinois court. No authority is cited by appellant in support of his contention, nor have we found any. *There are cases where*

*accrued installments of an award for support and mainte-nance for wife and minor children were cancelled, the wife having remarried and the children become of age,* but in those cases it is clear *that the remarriage of the wife* was the principal factor considered by the court, it being held *that to require a husband to pay for the support* and main-tenance of his divorced wife, following her remarriage to another, would in the absence of extraordinary conditions, *violate a sound principle of law and be against recognized public policy.* (*Hale* v. *Hale,* 6 Cal. App. (2d) 661 [45 Pac. (2d) 246] ; *Atlass* v. *Atlass,* 112 Cal. App. 514 [297 Pac. 53].) ''

Here the children are of age, and it certainly would do violence to the policy of our state founded on natural justice and basic social principles to permit the establishment of the Missouri decree requiring appellant to make payments to the wife in the future. The portion of the judgment of the trial court so declaring should be reversed.