[Civ. No. 13878.   Second Dist., Div. Two.   Mar. 9, 1943.]

MARY L. BEARD, Respondent, v. FRANK A. BEARD, Appellant.

Fred E. Subith for Appellant.

Jean Wunderlich for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover alimony alleged to be due pursuant to a divorce decree entered in a sister state (Oregon), defendant appeals.

These are the essential facts:

April 30, 1930, the Circuit Court of the State of Oregon, in and for the County of Multnomah, entered a decree of divorce in favor of plaintiff which contained among others the following provision:

"It is Further Ordered, Adjudged and Decreed that defendant shall pay to plaintiff the sum of $60.00 per month permanent alimony, said first payment of $60.00 to be made on or before the 15th day of July, 1930, and all other alimony payments shall be made on or before the 15th day of each and

every succeeding month. This decree is pursuant to a stipulation duly signed by plaintiff and defendant under date of April 24, 1930.''*

The trial judge in the instant action gave judgment in favor of plaintiff for the sum of $7,221.80, the amount of the unpaid alimony which had accrued pursuant to the terms of the Oregon decree.

■ Defendant urges reversal of the judgment upon the proposition *that the Oregon decree was invalid in awarding*

---

*The stipulation mentioned in the decree read as follows:

''It Is HEREBY STIPULATED by and between Mary L. Beard and her attorney, A. F. Knight, and Frank A. Beard and his attorney G. A. Samuels, that defendant shall pay to the plaintiff the sum of One Hundred and Fifty Dollars ($150.00) Attorneys fees and balance of court costs in the above entitled suit.

''It Is FURTHER STIPULATED AND AGREED that plaintiff who is the owner of a certain note made payable to her by defendant herein, shall place said note in escrow in the hands of a third party and to be retained by said party for a period of not to exceed two years and shall at the end of said period, be delivered to defendant herein or his attorney, provided defendant shall faithfully and punctually pay alimony to plaintiff herein in the sum of Sixty Dollars ($60.00) per month during a period of two years with the understanding however that the first payment of said alimony shall not be due and owing until the 15th day of July, 1930, and with monthly payments thereafter on the 15th day of each and every succeeding month.

''It Is FURTHER UNDERSTOOD AND AGREED by and between the parties herein mentioned, that the note held against the plaintiff and defendant by the U. S. National Bank of Salem, Oregon in the sum of Two Hundred Dollars ($200.00) and for the security of which Northwestern Electric bonds in the sum of Two Hundred Dollars ($200.00) are held by the said U. S. National Bank of Salem, Oregon as security.

''It Is FURTHER UNDERSTOOD that defendant herein shall pay or cause to be paid said note in full on or before the 1st day of July, 1930, and upon the payment of which the herein mentioned Northwestern Electric bonds shall forthwith be delivered to plaintiff or her attorney, and she shall be released from the further payment of any sum or sums of said note, nor shall she be called upon to execute any further notes on the part of defendant herein.

''It Is FURTHER STIPULATED AND AGREED that the terms and conditions herein mentioned shall be accepted by plaintiff and defendant as a complete property settlement existing between them by reason of the marriage contract as set forth in this suit.

MARY L. BEARD,
  Plaintiff.
A. F. KNIGHT,
  Attorney for Plaintiff.
FRANK A. BEARD
  Defendant.
G. A. SAMUELS,
  Attorney for Defendant.

''Dated this *24th* day of April, 1930.''

*plaintiff $60 per month permanent alimony, since such award was contrary to the stipulation of the parties.*

This proposition will not be considered by this court for the reason that it is settled that a valid judgment of a sister state which has become final must be accorded full faith and credit by every other court within the United States (art. IV, sec. 1, Const. of U.S.A.; *Biewend* v. *Biewend,* 17 Cal.2d 108, 111 [109 P. 2d 701, 132 A.L.R. 1264]; *Williams* v. *North Carolina,* —— U.S. ——, —— [63 S.Ct. 207, 87 L.Ed. ——, ——, 143 A.L.R. 1273].)

Applying this rule to the facts of the instant case, it appears that the decree entered in favor of plaintiff in the State of Oregon was entered by a court having jurisdiction of the parties and subject matter of the action, and that such decree has become final in the State of Oregon. Therefore, the decree entered in the State of Oregon may not be collaterally attacked in this state and the courts of this state may not review proceedings and evidence upon which the decree was predicated.

It is conceded that the Circuit Court of the State of Oregon had jurisdiction of the parties when it entered the decree upon which the present suit is predicated. Therefore we refrain from expressing any opinion as to the extent of the powers of the courts of this state to make inquiry relative to the jurisdictional facts upon which the judgment of a sister state is predicated.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1943.